UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID MALONEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CAUSE NO. 1:16-cv-2802 |
| JOHNSON COUNTY, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.  Nature of the Case**

The plaintiff, David Maloney, brings this action against his former employer, Johnson County, alleging that the defendant violated his rights under the Americans With Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101 *et seq*.; the Rehabilitation Act of 1973 (the "Rehab Act"), 29 U.S.C. § 701 *et seq*; and the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*.

**II.  Parties**

1.  Mr. Maloney has resided within the Southern District of the State of Indiana at all relevant times.

2.  Johnson County is a public agency located within the Southern District of Indiana.

**III.  Jurisdiction and Venue**

3.  Jurisdiction is conferred on this Court by 28 U.S.C. § 1331.

4. The defendant is an "employer" as defined by the ADA and the FMLA.

5. The defendant is a "program or activity" as defined by the Rehab Act.

6. Mr. Maloney was an "employee" as defined by the ADA and the FMLA.

7. At all relevant times, Mr. Maloney was an "eligible employee" as defined by the FMLA.

8. At all relevant times, Mr. Maloney had a "serious health condition" as defined by the FMLA.

9. At all times relevant, Mr. Maloney is a qualified individual with a disability, is regarded as disabled by the defendant, and/or has a record of disability as defined by the ADA and the Rehab Act.

10. Mr. Maloney satisfied his obligations to exhaust his administrative remedies and now timely files his lawsuit.

11. Venue is proper in this Court.

## IV.  Factual Allegations

12. Mr. Maloney began working for the City of Greenwood, a municipality located in Johnson County, in October 1993 as a 911 Dispatcher.  On or about January 1, 2015, the defendant consolidated all county and municipal dispatchers into one entity.

13. At all relevant times, the Johnson County Board of Commissioners is responsible for the executive and administrative functions of the defendant.

14. Mr. Maloney's work performance met or exceeded the defendant's

legitimate expectations at all relevant times.

15. Mr. Maloney suffered from anxiety and depression at all relevant times.

16. Mr. Maloney's anxiety and/or depression substantially limit(s) certain major life activities, including, but not limited to, sleeping, speaking, concentrating, thinking, communicating, and/or working.

17. Mr. Maloney's anxiety and/or depression can manifest in symptoms such as nervousness, increased heart rate, fear, abdominal discomfort, stammered speech, and panic attacks.

18. Mr. Maloney's anxiety and/or depression also negatively affects his ability to cope with significant changes in his routine or his daily life.

19. On or about January 1, 2015, Mr. Maloney began working in a new, different facility, the Johnson County Public Safety Communications Center, and he began reporting to a new supervisor, Director Michael Watkins.

20. Thereafter, Mr. Maloney began experiencing increasingly acute symptoms associated with his anxiety and/or depression.

21. In or about August/September 2015, Mr. Maloney informed the defendant that he was experiencing mental health issues and needed help.

22. The defendant failed to engage Mr. Maloney in the interactive process and failed to offer him a reasonable accommodation.

23. The defendant failed to inform Mr. Maloney of his FMLA rights, failed to provide him with FMLA paperwork, failed to offer him FMLA leave, and/or failed to grant him FMLA leave.

24. The defendant instructed Mr. Maloney to submit to a psychological evaluation.

25. The defendant told the evaluator that it suspected Mr. Maloney had called off from work because he was intoxicated.

26. The defendant instructed the evaluator only to perform the evaluation, but that in the event the evaluator deemed Mr. Maloney unfit for duty, not to provide recommendations on how to return him to being fit for duty.

27. On or about September 9, 2015, Mr. Maloney submitted to the psychological exam.

28. On or about September 16, 2015, the evaluator provided his evaluation report to the defendant, finding that Mr. Maloney suffered from anxiety and depression, which caused his communication difficulties that the defendant mistakenly perceived to be the result of intoxication; and that Mr. Maloney's symptoms, which were caused by his largely untreated anxiety and depression, made him unfit to return to duty at that time.

29. The report also suggested that Mr. Maloney might benefit from regular counseling, but did not offer specific recommendations, pursuant to the defendant's request.

30. On or about September 18, 2015, the defendant informed Mr. Maloney that he failed the fitness for duty exam; that he could not continue his employment with the defendant; and that he had only two options – to retire, which would make him ineligible for rehire, or to resign, which would make him eligible for rehire.

31. The defendant failed to engage Mr. Maloney in the interactive process and failed to offer him a reasonable accommodation.

32. The defendant failed to inform Mr. Maloney of his FMLA rights, failed to provide him with FMLA paperwork, failed to offer him FMLA leave, and/or failed to grant him FMLA leave.

33. On or about September 18, 2015, the defendant terminated and/or constructively discharged Mr. Maloney.

34. Mr. Maloney has suffered, and continues to suffer, harm as a result of the defendant's unlawful actions.

## V.  Causes of Action

### COUNT I

### DISABILITY DISCRIMINATION – ADA and the REHAB ACT

35. Mr. Maloney hereby incorporates paragraphs 1 - 34 of his Complaint.

36. The defendant took adverse employment actions against Mr. Maloney based on his disability, his record of disability and/or its perception that he is disabled including, but not limited to, when the defendant terminated his employment.

37. The defendant's unlawful actions were intentional, willful, and done in reckless disregard of Mr. Maloney's rights as protected by the ADA and the Rehab Act.

## COUNT II

## FAILURE TO ACCOMMODATE – ADA and the REHAB ACT

38. Mr. Maloney hereby incorporates paragraphs 1 - 37 of his Complaint.

39. The defendant failed to engage Mr. Maloney in the interactive process and failed to provide him with a reasonable accommodation.

40. The defendant's unlawful actions were intentional, willful, and done in reckless disregard of Mr. Maloney's rights as protected by the ADA and the Rehab Act.

## COUNT III

## VIOLATIONS OF THE FMLA

41. Mr. Maloney hereby incorporates paragraphs 1 - 40 of his Complaint.

42. The defendant interfered with Mr. Maloney's rights under the FMLA, including, but not limited to, when the defendant failed to inform him of his FMLA rights, failed to provide him with his FMLA paperwork, failed to offer him FMLA leave, and/or failed to grant him FMLA leave

43. The defendant's unlawful actions were intentional, willful, and done in reckless disregard of Mr. Maloney's FMLA rights.

## VI.  Relief Requested

WHEREFORE, the plaintiff, David Maloney, by counsel, respectfully requests that this Court find for him and order that:

1. The defendant reinstate Mr. Maloney and/or rehire Mr. Maloney to the same or similar position, salary, and seniority, or pay front pay and benefits to Mr. Maloney in lieu of reinstatement;

2. The defendant pay lost wages and benefits to Mr. Maloney;

3. The defendant pay liquidated damages to Mr. Maloney;

4. The defendant pay compensatory damages to Mr. Maloney;

5. The defendant pay punitive damages to Mr. Maloney;

6. The defendant pay pre- and post-judgment interest to Mr. Maloney;

7. The defendant pay Mr. Maloney's attorneys' fees and costs incurred in litigating this action; and

8. The defendant pay to Mr. Maloney any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*s/ Jason P. Cleveland*
Jason P. Cleveland (24126-53)

*s/ Meghan U. Lehner*
Meghan U. Lehner (25899-49)

## DEMAND FOR JURY TRIAL

The Plaintiff, David Maloney, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

*s/ Jason P. Cleveland*
Jason P. Cleveland (24126-53)

*s/ Meghan U. Lehner*
Meghan U. Lehner (25899-49)

CLEVELAND LEHNER CASSIDY
8250 Haverstick Road, Suite 235
Indianapolis, IN 46240
Tel: 317-388-5424
Fax: 317-947-1863
Email: jason@clcattorneys.com
 meghan@clcattorneys.com